**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE DAVID V. M., | No. 1:26-cv-02138 JLT SKO (HC) |
| Petitioner, | A-File: 240-809-887 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 9) |
| CHRISTOPHER CHESTNUT, WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE A PROMPT BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

Josue David V. M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 30, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 9.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 9.) On April 4, 2026, Respondents filed objections. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court agrees with the magistrate judge that the Petition should be granted but departs as to the appropriate remedy. Because the record indicates

1

that Petitioner has sustained at least one conviction for driving under the influence since his release on recognizance, (Doc. 1, ¶ 35), the Court concludes that a bond hearing is the appropriate remedy. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO (HC), 2025 WL 3059549 (E.D. Cal. Nov. 3, 2025); *Sing Gill v. Chestnut*, No. 1:26-CV-00521 JLT EPG (HC), 2026 WL 618247 (E.D. Cal. Mar. 5, 2026).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 30, 2026, (Doc. 9), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Within 14 days of the date of this order, Respondents **SHALL** provide Petitioner a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

4. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **April 6, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE